
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER BENJAMIN, for himself and
on behalf of those similarly situated,

Plaintiff,

vs.  Case No.: 3:17-cv-457-J-39MCR

RIGHT PATH TRANSPORTATION
INC., a Florida Profit Corporation,
RIGHT PATH BEHAVIORAL
HEALTH SERVICES, LLC, a Limited
Liability Company, DON JACKSON,
Individually, and ROBERT RELEFORD,
Individually,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, XAVIER BENJAMIN ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Complaint against Defendants, RIGHT PATH TRANSPORTATION, INC., a Florida Profit Corporation, RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC, a Florida Limited Liability Company (collectively "RIGHT PATH"), DON JACKSON ("JACKSON"), an Individual and ROBERT RELEFORD ("RELEFORD"), an Individual, (collectively, "Defendants"), and states the following:

### INTRODUCTION

1. This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

3. Defendants have violated the FLSA by misclassifying Plaintiff and others similarly situated as "independent contractors" and refusing to pay them time and one-half of their regular rate for overtime hours worked.

4. At all times material to this action, Plaintiff was a resident of Duval County, Florida.

5. At all times material hereto, Defendant RIGHT PATH TRANSPORTATION, INC. was, and continues to be, a Florida profit corporation. Further, at all times material hereto, RIGHT PATH TRANSPORTATION, INC.'s principle place of business is located in Duval County, Florida.

6. At all times material hereto, Defendant RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC was, and continues to be, a limited liability company. Further, at all times material hereto, RIGHT PATH TRANSPORTATION, INC.'s principle place of business was, and is, located in Duval County, Florida.

7. Based on information and belief, at all times material hereto, Defendants JACKSON, and RELEFORD were individual residents of the State of Florida, Duval County.

8. At certain times material hereto, Defendant JACKSON was the CEO of RIGHT PATH, and regularly exercised the authority to: (a) hire and fire employees of RIGHT PATH; (b) determine the work schedules for the employees of RIGHT PATH; and (c) control the finances and operations of RIGHT PATH.

9. At certain times material hereto, Defendant RELEFORD was the President of RIGHT PATH, and regularly exercised the authority to: (a) hire and fire employees of RIGHT PATH; (b) determine the work schedules for the employees of RIGHT PATH; and (c) control the finances and operations of RIGHT PATH.

10. Defendants JACKSON and RELEFORD are individual employers as defined by 29 U.S.C. §201, et seq., in that they acted, directly or indirectly, in the interests of RIGHT PATH towards Plaintiff.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendants, within the meaning of the FLSA.

13. At all times material hereto, Defendants misclassified Plaintiff as an "independent contractor."

14. At all times material hereto, RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC were, and continue to be, "employers" within the meaning of the FLSA.

15. At all times material hereto, Defendants RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. Defendants RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC constitute a "joint venture" under FLSA, as they engage in related activities, performed for a common purpose through

common control and/or unified operations.

17. Specifically, defendants RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC provide services to the same clients, with RIGHT PATH TRANSPORTATION, INC. providing transportation for RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC's at RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC's request.

18. At all times material to this complaint, RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC shared common offices and a common address.

19. In addition, RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC are the joint employers of the Plaintiff and those similarly situated, because RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC shared control of Plaintiff and those similarly situated.

20. Moreover, by transporting RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC's clients at RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC's request, including direct request by the joint owner of RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC (both Mr. Releford and Mr. Jackson, during their respective times as owners of the Defendant entities), Plaintiff and those similarly situated acted, directly or indirectly in the interest of both RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC.

21. In addition, because RIGHT PATH TRANSPORTATION, INC's entire

4

business was transporting RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC's clients, the two businesses shared a direct interest in the work of Plaintiff and those similarly situated, make them joint employers.

22. Defendants RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC are also joint employers because, at all times material hereto, they were under common control, and the employment by RIGHT PATH TRANSPORTATION, INC. of Plaintiff, and those similarly situated, was not completely disassociated from their employment by RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC. Indeed, employment by the two entities was inextricably intertwined.

23. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

24. Defendants had two or more employees who regularly handled Defendants' products and equipment, including computers, telephones, and vehicles.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

26. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

27. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Duval County, Florida.

28. Plaintiff was hired on or about July 25, 2016, to work as a driver, working for Defendants in their business of providing behavioral services in the community, including transportation to and from medical appointments and special schools.

29. Defendants classified Plaintiff as an independent contractor throughout the time that Plaintiff worked as driver.

30. As a driver, Plaintiff's job duties were to take Right Path Behavioral Health Services, LLC's clients to and from appointments, special school, and dialysis.

31. Plaintiff did not have the ability to negotiate his rate(s) of pay.

32. Plaintiff did not negotiate his rate(s) of pay, rather Plaintiff's rate(s) of pay was pre-set by Defendants.

33. Plaintiff was required to follow all of Defendants' company policies and procedures.

34. Plaintiff received from Defendants an employee handbook, which he was required to follow.

35. From at least July 25, 2016, to November 17, 2016, Defendants required Plaintiff to work over 40 hours in nearly every workweek.

36. Defendants provided equipment necessary for Plaintiff to perform his work, such as the van used to transport clients.

37. Plaintiff was not incorporated or otherwise in business for himself during the time that he performed work for Defendants.

38. If Plaintiff wished to take a day off, he was required to request two-weeks' advance permission from Defendants.

39. Plaintiff did not generate any of his own work as a driver, rather, he received all of his assignments from Defendants.

40. Plaintiff's opportunity for profit or loss did not depend on his entrepreneurial or managerial skills.

41. The work Plaintiff did was essential and integral to Defendants' transportation services business, and behavioral health services business.

42. Defendants controlled the way in which Plaintiff performed his work, by instructing Plaintiff in the way Defendants wanted the work performed.

43. Defendants required Plaintiff to follow a dress code, which included wearing a "Right Path" shirt, and only certain colors of pants.

44. Defendants set rules and guidelines governing Plaintiff's employment, including but not limited to, hours of work, and Plaintiff's rate of pay.

45. Defendants required Plaintiff to attend weekly meetings with the drivers' supervisor, at which rules, discipline and work performance were discussed.

46. Plaintiff did not have the ability to alter or change the terms of his employment.

47. Plaintiff was economically dependent upon Defendants for his livelihood from at least July 25, 2016, until his last day of work for Defendants.

48. Defendants knew or should have known that Plaintiff was economically dependent on Defendants and not in business for himself, as he routinely worked over 40 hours per week for Defendants.

49. Plaintiff was generally paid a daily rate, except for a brief period when he was paid hourly.

50. During the time he worked for Defendants, Plaintiff regularly worked more than forty (40) hours in nearly every work week.

51. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours one or more workweeks.

52. Specifically, the practice that led to this failure to pay overtime was Defendants' misclassification of Plaintiff as an independent contractor not entitled to overtime compensation.

53. Because of this practice of misclassification, which was common to all drivers, Defendants did not pay any overtime premiums for hours over forty (40), regardless of whether Plaintiff and other drivers were paid an hourly rate or a daily rate.

54. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours on each workweek, as required by the FLSA.

55. Defendants are in possession of the majority of the records reflecting the amounts paid and the actual hours worked by Plaintiff.

56. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as drivers, were misclassified as independent contractors, and were therefore denied proper overtime compensation for hours over forty (40).

57. Defendants have violated Title 29 U.S.C. §207 from at least July 2016 to November 2016, in that:

    a. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of

employment with Defendants; and

b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA, due to the policies and practices described above.

58. Upon information and belief, Defendants did not rely upon any Department of Labor Wage and Hour Opinions in creating Plaintiff's and other drivers' pay structures.

59. Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act or was in reckless disregard of its provisions. As such, Defendants' violation of the law was willful.

60. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

61. Plaintiff has retained the law firm of Morgan & Morgan, P.A., to represent Plaintiff in the litigation and has agreed to pay the Firm a reasonable fee for its services.

## COUNT I
## UNPAID OVERTIME WAGES

62. Plaintiff reincorporates and adopts the allegations in paragraphs 58 above.

63. Plaintiff was an employee of Defendants.

64. Defendants are a joint employer and a joint enterprise under the FLSA.

65. Defendants were Plaintiff's employer as defined by the FLSA.

66. Defendants RIGHT PATH TRANSPORTATION, INC. and RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC are covered enterprises as defined by the FLSA.

67. Plaintiff, and those similarly situated, regularly worked in excess of forty (40) hours per workweek for Defendants.

68. Plaintiff, and those similarly situated, are entitled to one and one half times their regular hourly rate for all hours worked over forty (40) in each workweek during which they worked as drivers for Defendants.

69. Defendants failed to pay Plaintiff, and those similarly situated, one and one-half times their regular hourly rate for all hours worked in excess of forty (40) in each workweek.

70. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

71. Plaintiff, and those similarly situated, suffered harm and continue to suffer harm in the form of unpaid overtime wages as a result of Defendants' violations of the FLSA.

72. Plaintiff, and those similarly situated, are owed additional compensation in the form of unpaid overtime wages and liquidated damages.

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated requests: conditional certification, pursuant to Section 216(b) of the FLSA, of employees

who worked for Defendants as drivers who were classified as independent contractors in the three years preceding the filing of the Complaint; an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 18th day of April, 2017.

Angeli Murthy, Esq.
Florida Bar No. 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
600 North Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016

*Trial Attorneys for Plaintiff*