IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| XAVIER BENJAMIN, for himself and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC, and DON JACKSON, Individually,<br><br>Defendants. | Case No. 3:17–cv–00457–BJD–MCR |

**DEFENDANTS RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC AND DON JACKSON'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER PERMITTING SUPERVISED NOTICE OF THIS ACTION TO POTENTIAL OPT-IN PLAINTIFFS AND CONDITIONAL CERTIFICATION OF THIS CASE**

This is an alleged unpaid overtime case arising under the provisions of the Fair Labor Standards Act. (Doc. 1, generally.) Xavier Benjamin originally sued Right Path Behavioral Health Services, LLC, and Don Jackson, individually, and also sued Right Path Transportation, Inc., and Robert Releford, individually. (*Id.*) But due to issues serving Right Path Transportation and Releford, Benjamin dismissed his case without prejudice against those two Defendants. (Doc. 31.)

Benjamin has moved this Court for an order permitting supervised notice of this action to potential opt-in plaintiffs, and conditional certification of this case as a collective action. (Doc. 20.) Benjamin argues that he, Jecika Weston, Adrian Terry (who are both listed on the Court's docket as interested parties), and "all other Drivers" shared common duties as drivers for the

Defendants, were not paid overtime compensation for hours worked over 40 in a workweek, and were misclassified as independent contractors. (*Id.* at 2–5; 23.)

"While the FLSA thus allows the maintenance of a collective action, the represented employees must be 'similarly situated' to the named plaintiffs." *Reed v. Mobile Cnty Sch. Sys.*, 246 F. Supp. 2d 1227, 1230 (S.D. Ala. 2003). Although the FLSA allows the issuance of court-supervised notice to members of the conditional class, *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989), the court must first conditionally certify the class. *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). The Eleventh Circuit recommends that district courts consider certification under the FLSA in two stages. First, "in response to a motion to conditionally certify made prior to discovery, the court utilizes a 'fairly lenient' standard in recognition of the limited evidence then available." *Reed*, 246 F. Supp. 2d at 1230. Second, "in response to a motion to decertify made after discovery, the court makes a more informed factual determination on the similarly situated issue." *Id.* (citation omitted). This two-tiered approach remains a "suggest[ion]," not a "require [ment]." *Hipp*, 252 F.3d at 1219. No matter the approach utilized, the decision to create an opt-in class under the FLSA remains within the discretion of the district court. *Id.*

To maintain a class action, the proponent of class certification must meet the prerequisites of Federal Rule of Civil Procedure 23(a) and (b). Under Rule 23(a), Benjamin must therefore show that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Here, Benjamin cannot satisfy the numerosity requirement of subsection (a)(1). The potential class is here not "so numerous that joinder of all members is impracticable." From the documents exchanged at the parties' settlement conference, it appears that at most the number of potential opt-in plaintiffs and putative class members is 16, including Benjamin. But more realistically, and based on discussions with Benjamin's lawyer and review of the documents exchanged, it appears that the likely number of potential opt-in plaintiffs is two: Jecika Weston and Adrian Terry. Thus, Benjamin has failed to satisfy the numerosity requirement of Rule 23(a)(1).

In addition, Benjamin cannot show that other putative class members are similarly situated to him. He merely alleges that "all other Drivers" worked over 40 hours in a workweek, were not paid overtime, and were misclassified as independent contractors. (Doc. 20 at 2–5.) This generalization is "only slightly more descriptive than 'non-exempt' employees as that terms is defined under the FLSA." *White v. SLM Staffing, LLC*, No. 8:16–cv–2057–T–30TBM, 2016 WL 4382777, *2 (M.D. Fla. Aug. 17, 2016). "Non-exempt employees, of course, are the entire class of employees to which the FLSA's minimum-wage requirement applies." *Id.* "If such a broad and inexact class of employees were sufficient to conditionally certify a class under the FLSA, the conditional-certification standard would not merely be a lenient one, but a meaningless one. It is not." *Id.* (citing *Mackenzie v. Kindred Hosp. East, LLC*, 276 F. Supp. 2d 1211, 1221 (M.D. Fla. 2003)). Benjamin's desire to provide notice to "all other Drivers" is too broad.

Moreover, some of the alleged 16 putative class members were hired by Right Path Transportation, Inc., the previously-discussed former Defendant, after Jackson sold that corporation to Releford, the other previously-discussed former Defendant. In other words, they

were not employed by Defendants Right Path Transportation or Jackson, so they are not "similarly-situated" to Benjamin who—despite his contention to the contrary—was an independent contractor of Defendant Right Path Behavioral Health.

Benjamin must meet the burden of demonstrating a "reasonable basis" for his request for a collective action, and this Court must "satisfy itself" that the similarly-situated requirement is met before conditionally certifying such a collective action. *Reed*, 246 F. Supp. 2d at 1237. Benjamin has not made a reasonable showing of a substantial similarity between himself and other alleged non-exempt employees. Benjamin also has failed to demonstrate that his motion satisfies the numerosity requirement of Rule 23(a)(1). Thus, Benjamin's motion for conditional class certification and issuance of supervised notice should be denied.

Respectfully submitted this 5th day of January, 2018.

HALL BOOTH SMITH, P.C.

s:/ Charles A. Dorminy
CHARLES A. DORMINY
Georgia Bar No. 001315
**[Admitted Pro Hac Vice]**
WILLIAM S. MANN
Georgia Bar No. 964223
**[Admitted Pro Hac Vice]**
*Attorneys for Defendants Don Jackson and*
*Right Path Behavioral Health Services, LLC*

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
PH:   (912) 554-0093
Fax:   (912) 554-1973
cdorminy@hallboothsmith.com
wmann@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| XAVIER BENJAMIN, for himself and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIGHT PATH BEHAVIORAL HEALTH SERVICES, LLC, and DON JACKSON, Individually,<br><br>Defendants. | **Case No. 3:17–cv–00457–BJD–MCR** |

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **Defendants Right Path Behavioral Health Services, LLC and Don Jackson's Response to Plaintiff's Motion for Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case** upon all parties by using the CM/ECF system which will send a notice of such electronic filing to the following:

Angeli Murthy, Esq.
Morgan & Morgan, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
amurthy@forthepeople.com

This <u>5th</u> day of January, 2018.

HALL BOOTH SMITH, P.C.

**s:/ Charles A. Dorminy**_____

5