UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER BENJAMIN, for himself and on
behalf of those similarly situated,

    Plaintiff,

v.                                                        Case No. 3:17-cv-457-J-39MCR

RIGHT PATH BEHAVIORAL HEALTH
SERVICES, LLC, a Limited Liability
Company and DON JACKSON,
Individually,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law. (Doc. 20; Motion). The Court also considers Defendants Right Path Behavioral Health Services, LLC and Don Jackson's Response to Plaintiff's Motion (Doc. 41; Response), and Plaintiff's Reply (Doc. 45; Reply).

### I. Background

On April 19, 2017, on behalf of himself and those similarly situated, Plaintiff Xavier Benjamin ("Plaintiff") filed a Complaint and Demand for Jury Trial pursuant to the Fair Labor Standards Act (the "FLSA") against Right Path Transportation Inc., Right Path Behavioral Health Services, LLC, Don Jackson, and Robert Releford. (Doc. 1;

Complaint).[1] Plaintiff brings a FLSA claim for unpaid overtime wages and alleges that "Plaintiff, and those similarly situated, regularly worked in excess of forty (40) hours per workweek for Defendants." Id. at 10 ¶ 67. Plaintiff further alleges that he and those similarly situated are entitled to one and one half times their regular hourly rate for hours worked in excess of forty hours and that Defendants failed to pay them. See id. at 10 ¶¶ 68, 69. Plaintiff asserts that "Defendants' actions were willful and/or show reckless disregard for the provisions of the FLSA." Id. at 10 ¶ 70. Plaintiff and those similarly situated claim that they continue to suffer harm and are owed unpaid overtime wages and liquidated damages. Id. at 10 ¶¶ 71, 72.

## II. Standard of Law

An action to recover unpaid overtime compensation under the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003). "To maintain an opt-in class action under § 216(b), plaintiffs must demonstrate that they are 'similarly situated.'" Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001). "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (internal quotation marks and citations

---

[1] In light of Plaintiff's Notice of Dismissal without Prejudice (Doc. 31), the Court on September 27, 2017 dismissed without prejudice Plaintiff's claims as to Defendants Right Path Transportation, Inc. and Robert Releford. (Doc. 32). The remaining Defendants in this action are Right Path Behavioral Health Services, LLC ("Right Path") and Don Jackson ("Jackson"). See id. at 1.

omitted). In determining whether employees are similarly situated, a "district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

To determine similarity, the Eleventh Circuit has suggested a two-step approach to certification. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). The first step is "the notice stage" also referred to as the "conditional certification." Id. at 1260-61. [2]

> "At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery."

Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1333-34 (M.D. Fla. 2007) (quoting Hipp, 252 F.3d at 1218). To determine whether a class should be conditionally certified, the Court uses a "fairly lenient standard." Id. at 1334; see also Morgan, 551 F.3d at 1261 (stating that although the standard for satisfying the first step is "'not particularly stringent,'" "there must be more than 'only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would'" opt-in) (quoting Hipp, 252 F.3d at 1214; Haynes v. Singer Co., 696 F.2d 884, 887 (11th Cir. 1983)). It is the plaintiff's burden to show "a 'reasonable basis' for his claim that there are

---

[2] The second step "is triggered by an employer's motion for decertification." Morgan, 551 F.3d at 1261. Accordingly, for purposes of the instant Motion, the Court need only engage in the first step of the analysis.

other similarly situated employees." Morgan, 551 F.3d at 1260. While the two-step approach has been suggested by the Eleventh Circuit, the ultimate "decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court." Hipp, 252 F.3d at 1219.

## III. Discussion

Plaintiff requests that the Court grant conditional certification for the following class of individuals:

> all Drivers who worked over forty hours in one or more workweeks for . . . Right Path Transportation, Inc. and Right Path Behavioral Health Services, LLC, . . . in the three (3) years preceding the date this action was filed, and through the date notice is mailed in this matter, and were not paid overtime premiums for overtime hours worked.

Motion at 1, Ex. A (Doc. 20-1; Notice).[3] Plaintiff argues that Defendants' "Drivers were compensated in the same manner, subjected to the same policies and practices, and suffered the same injury as the result of Defendants' common compensation policies." Id. at 9, Ex. C "Declaration of Xavier Benjamin" (Doc. 20-3), Ex. E "Declaration of Jecika Kiyana Weston" (Doc. 20-6), Ex. F "Declaration of Adrian Devon Terry" (Doc. 20-7). To date, Jecika Kiyana Watson and Adrian Devon Terry have filed Notices of their Consent to Join. (See Docs. 11 and 13). Plaintiff believes that if other Drivers are given notice of this lawsuit, they will join. See Benjamin Decl. at 4 ¶ 22.

In response, Defendants argue that Plaintiff "has not made a reasonable showing of a substantial similarity between himself and other alleged non-exempt employees" and that Plaintiff "has failed to demonstrate that his [M]otion satisfies the numerosity requirement of Rule 23(a)(1)." Resp. at 4. Defendants contend that including "all drivers"

---

[3] Plaintiff filed the Complaint on April 19, 2017. See Compl.

is too broad in that "some of the alleged 16 putative class members were hired by Right Path Transportation, Inc., the previously-discussed former Defendant, after Jackson sold that corporation to Releford, the other previously-discussed former Defendant." Id. at 3-4. As a result, Defendants maintain that such putative class members are not "similarly-situated." See id. Defendants further argue that "at most the number of potential opt-in plaintiffs and putative class members is 16 . . . [b]ut more realistically . . . it appears that the likely number of potential opt-in plaintiffs is two: Jecika Weston and Adrian Terry." Id. at 3.

Considering the fairly lenient standard, the two opt-in plaintiffs, and the three declarations, the Court finds that Plaintiff has satisfied his burden of demonstrating a reasonable basis for his claim that there are other similarly situated Drivers. See Teahl v. The Lazy Flamingo, Inc., No. 2:13-CV-833-FTM-38CM, 2015 WL 179367, at *6 (M.D. Fla. Jan. 14, 2015) ("Upon consideration of the lenient standard, two opt-in plaintiffs, and . . . declaration, there is a reasonable basis to believe there are other employees who may desire to opt-in."). Moreover, contrary to Defendants' position, Plaintiff seeks class certification pursuant to Section 216(b) of the FLSA and therefore is not bound to meet the numerosity requirements of Rule 23. See Calderone v. Scott, 838 F.3d 1101, 1103-04 (11th Cir. 2016) (discussing the relationship between Rule 23 class actions and Section 216(b) collective actions and finding that "[t]he certification requirements for a Rule 23 class action are more demanding . . . [and] require[ ] every putative class to satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation.").

The Court will allow Plaintiff to mail, electronically mail, and post at Defendants' location the proposed Notice (Doc. 20-1) and Consent Form (Doc. 20-2), which shall specify a 90-day opt-in period, to the following class:

> all Drivers who worked over forty hours in one or more workweeks for Right Path Transportation, Inc. and Right Path Behavioral Health Services, LLC, in the three (3) years preceding April 19, 2017, the date this action was filed, and were not paid overtime premiums for overtime hours worked.

Plaintiff requests permission to mail reminder notice postcards to the putative class members at the half-way point in the notice period. See Motion at 19-20. However, Plaintiff has not filed a proposed reminder notice postcard for the Court to review. The Court directs Plaintiff to file a proposed reminder notice postcard and will give Defendants an opportunity to file objections to such proposal. The Court encourages the parties to work together to create a jointly proposed reminder notice postcard.

As explained in more detail below, the Court directs Defendant to produce (electronically and in hard copy) a complete list with the names, addresses, telephone numbers, and e-mail addresses of all persons described in the Notice.[4] Plaintiff, through his counsel, shall transmit the Notice and Consent Form to all class members after Defendants have complied with its production obligations.

Accordingly, after due consideration, it is

**ORDERED:**

---

[4] Plaintiff also requests that the Court order Defendants to produce putative class members' social security numbers. See Motion at 22-23 n.3. Plaintiff argues that the social security numbers are necessary to assist Plaintiff in locating updated addresses through the national change of address database. See id. At this juncture, the Court finds that the production of social security numbers is unnecessary. If Plaintiff has difficulty locating putative class members without their social security numbers, Plaintiff may petition the Court at a later time and pursuant to the Federal Rules of Civil Procedure to order Defendants to produce the social security numbers.

1. Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law (Doc. 20) is **GRANTED** as described herein.

2. The following schedule shall govern this case:

a. Plaintiff shall file a proposed reminder notice postcard no later than **February 26, 2018**. Defendant may file objections to Plaintiff's proposed reminder notice postcard on or before **March 15, 2018**.

b. Defendant shall produce to Plaintiff (electronically and in hard copy) no later than **March 15, 2018**, a complete list with the names, addresses, telephone numbers, and e-mail addresses of all Drivers who worked over forty hours in one or more workweeks for Right Path Transportation, Inc. and Right Path Behavioral Health Services, LLC, in the three (3) years preceding April 19, 2017, the date this action was filed, and were not paid overtime premiums for overtime hours worked.

c. Plaintiff shall transmit the Notice and Consent Form to potential class members no later than **April 20, 2018**.

d. Potential class members shall opt-in no later than **July 19, 2018**.

**DONE** and **ORDERED** in Jacksonville, Florida this 6th day of February, 2018.

BRIAN J. DAVIS
United States District Judge

va
Copies furnished to:

Counsel of Record
Unrepresented Parties