UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER BENJAMIN, for himself and
on behalf of those similarly situated,

       Plaintiffs,

v.                                               CASE NO. 3:17-cv-457-J-39MCR

RIGHT PATH BEHAVIORAL HEALTH
SERVICES, LLC and DON JACKSON,

       Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice ("Joint Motion") (Doc. 57), which was referred to the undersigned for preparation of a Report and Recommendation on September 18, 2018. The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the undersigned recommends that the Joint Motion

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

be granted, the Settlement Agreement be approved, and the case be dismissed with prejudice.

## I. Background

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 1.)  Plaintiff sought to recover, *inter alia*, overtime compensation, liquidated damages, reasonable attorney's fees, and costs for Defendants' alleged failure to compensate him and any similarly situated employees at the statutory rate of one and one-half times the regular rate of pay for any overtime hours worked.  (*Id.*)  Defendants denied that Plaintiff or the classes of persons Plaintiff purported to represent[2] were entitled to any of the damages or relief sought and asserted a number of defenses.  (Docs. 7, 8.)  On September 17, 2018, the parties filed the Joint Motion, seeking court approval of their FLSA compromise and dismissal of this action with prejudice.  (Doc. 57.)

## II. Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

---

[2] Consent to join forms were executed by Xavier Benjamin, Jecika Kiyana Weston, Adrian Terry, Sanzari Robinson, and David Terry.  (*See* Docs. 2, 11, 13, 54.)

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the district court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and

3

> adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III.  Analysis

The Settlement Agreement provides that Defendants will pay the following amounts to Plaintiffs: $4,000.00 to Xavier Benjamin, which represents $2,000.00 for unpaid overtime wages and $2,000.00 for liquidated damages; $4,000.00 to Jecika Weston, which represents $2,000.00 for unpaid overtime wages and $2,000.00 for liquidated damages; $1,600.00 to Adrian Terry, which represents $800.00 for unpaid overtime wages and $800.00 for liquidated damages; $1,000.00 to Sanzari Robinson, which represents $500.00 for unpaid overtime

wages and $500.00 for liquidated damages; and $225.00 to David Terry, which represents $112.50 for unpaid overtime wages and $112.50 for liquidated damages.[3]  (Doc. 57-1 at 16.)  The parties represent that there are bona fide disputes as to whether Plaintiffs were properly classified as independent contractors rather than employees, as to the amount of compensation Plaintiffs would be due under the FLSA, and as to whether liquidated damages would be appropriate, among others.  (Doc. 57.)  In addition, Defendants will pay a total of $14,175.00 to Plaintiffs' counsel for attorney's fees and costs.[4]  (Doc. 57-1 at 16.) The parties represent that the attorney's fees and costs were negotiated separately from and without regard to Plaintiffs' recovery, and that the amount sought is reasonable.  (Doc. 57.)

The undersigned has reviewed the Settlement Agreement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *Lynn's Food*, 679 F.2d at 1355.  Plaintiffs' recovery appears reasonable given the significant disputes in this case.  Moreover,

---

[3] As stated in the Joint Motion, these amounts reflect that each Plaintiff will receive as part of the settlement 75% of the wages and liquidated damages claimed. (Doc. 57 at 4.)

[4] Although the Joint Motion represents that Plaintiffs' counsel has spent over 50 hours litigating this matter, counsel's time sheet reflects that only $28.7 hours were spent at an hourly rate of $425.00 for a total of $12,197.50 in attorney's fees.  (Doc. 57-2 at 2-3.)  Plaintiffs have also incurred costs in the sum of $2,501.25 for copies ($70.50), filing fees ($400.00), mediation ($787.50), printing ($297.75), and service of process ($945.50).  (*Id.* at 4.)

Plaintiffs are represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of attorney's fees and costs to be paid to counsel.

The undersigned has already concluded that the settlement appears reasonable. In addition, there is no reason to believe that Plaintiffs' recovery was affected by the amount of attorney's fees and costs agreed upon. Thus, no conflict of interest taints the amount to be recovered by Plaintiffs. Further, counsel is being adequately compensated. Thus, both aspects of the *Silva* attorney fee inquiry are satisfied.[5]

---

[5] The undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Joint Motion (**Doc. 57**) be **GRANTED**.

2. The Settlement Agreement and Release of FLSA Claims (**Doc. 57-1**) be **APPROVED**.[6]

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court be **DIRECTED** to terminate any pending motions and close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on September 21, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Brian J. Davis
United States District Judge

Counsel of Record

---

[6] Although the Settlement Agreement is purportedly "confidential" (*see* Doc. 57-1 at 7), it has been filed on the public docket. Moreover, "the parties recognize that while they find the term of confidentiality to be acceptable, the Court may not approve same," and, as such, they "expressly agree that should the Court determine that this paragraph should be stricken from the agreement, it shall be deemed stricken as of the date of the Court's Order, without the need to re-execute and re-file the agreement." (*Id.*) The undersigned recommends, consistent with the parties' agreement, that the confidentiality provision in the Settlement Agreement be deemed stricken as of the date of the Court's Order on this Report and Recommendation.