UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER BENJAMIN, for himself and on
behalf of those similarly situated,

    Plaintiff,

v.                                    Case No. 3:17-cv-457-J-39MCR

RIGHT PATH BEHAVIORAL HEALTH
SERVICES, LLC, a Limited Liability
Company and DON JACKSON,
Individually,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is on the Report and Recommendations (Doc. 58; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge. In the Report, the Magistrate Judge considered Plaintiffs' and Defendants' Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice (Doc. 57; Motion for Approval). After review, the Magistrate Judge recommends that the Court grant the Motion for Approval; that the Settlement Agreement (Doc. 57.1) be approved; and that the case be dismissed with prejudice. Report at 7. No objections to the Report were filed, and the time to do so has passed.[1] In fact, the parties filed a joint notice that stated the parties had no objection to the Report. (Doc. 60). Accordingly, the matter is ripe for review.

---

[1] Within 14 days after being served with a copy of a report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); see also M.D. Fla. R. 6.02(a).

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a <u>de novo</u> review of those findings. See <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); <u>see also</u> 28 U.S.C. § 636(b)(1). Further, if no objections to a magistrate judge's report and recommendation are filed, the district court reviews legal conclusions only for plain error and only if necessary in the interests of justice. <u>Shepherd v. Wilson</u>, 663 F. App'x 813, 816 (11th Cir. 2016); <u>Mitchell v. United States</u>, 612 F. App'x 542, 545 (11th Cir. 2015) (noting that under 11th Circuit Rule 3-1, the appellant would have waived his ability to object to the district court's final order on a report and recommendation where appellant failed to object to that report and recommendation). "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Symonette v. V.A. Leasing Corp.</u>, 648 F. App'x 787, 790 (11th Cir. 2016) (citing <u>Farley v. Nationwide Mut. Ins. Co.</u>, 197 F.3d 1322, 1329 (11th Cir.1999)).

Notwithstanding the standard of review, the Court has conducted an independent examination of the record in this case, and a <u>de novo</u> review of the legal conclusions. For the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge as the proposed disposition represents a "fair and reasonable" resolution of Plaintiff's FLSA claims consistent with <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350 (11th Cir. 1982).

Accordingly, it is hereby

**ORDERED**:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 58).

2. The Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice (Doc. 57) is **GRANTED**. The parties' Settlement Agreement (Doc. 57.1) is **APPROVED** as a fair and reasonable resolution of a bona fide FLSA dispute.

3. This case is **DISMISSED with prejudice**. The Clerk of the Court shall close this file and terminate any pending motions and deadlines.

**DONE** and **ORDERED** in Jacksonville, Florida this 15th day of October, 2018.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record